**[Cite as *Widican v. Bridgestone/Firestone N. Am. Tire L.L.C.*, 2011-Ohio-6602.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| EUGENE THEODORE WIDICAN, et al. | C.A. No. 25674 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE LLC | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV 2008-10-7328 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2011

CARR, Presiding Judge.

{¶1} Appellants, Gary Widican, executor of the estate of Eugene Widican, and Deidre Hanlon, guardian of Otilla Widican, an incompetent person, appeal the judgment of the Summit County Court of Common Pleas which granted summary judgment in favor of appellee, Bridgestone Firestone North American Tire LLC ("Firestone"). This Court reverses.

I.

{¶2} Eugene Widican worked for Firestone for thirty years, during which time he was allegedly exposed to toxic solvents and chemicals. He retired in 1981. Subsequently, he developed acute myelogenous leukemia. In 2008, Mr. Widican filed a complaint sounding in employer intentional tort against Firestone. His wife Otilla alleged a claim for loss of consortium. Eventually, an executor and guardian were substituted for the Widicans upon Eugene's death and Otilla's determination of incompetence.

{¶3}    Firestone answered, generally denying the allegations in the complaint.    The company further asserted numerous affirmative defenses, including the assertions that the claims were barred by immunity and the limitations of Ohio's workers' compensation law.

{¶4}    Firestone filed a motion for summary judgment, arguing that the Widicans' claims were barred by the employer immunity provisions of Ohio's workers' compensation law.    The Widicans filed a response in opposition, Firestone replied, and the trial court held an oral hearing on the motion.    The trial court issued a judgment entry in which it granted summary judgment in favor of Firestone on the Widicans' claims.    The Widicans filed a timely appeal, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE IT[]S RULING IS CONTRARY TO WELL ESTABLISHED PRINCIPLES OF OHIO LAW PROTECTING THE RIGHTS OF WORKERS[.]"

{¶5}    The Widicans argue that the trial court erred by granting summary judgment on the basis of employer immunity in favor of Firestone on the Widicans' claims.    This Court agrees.

{¶6}    This Court reviews an award of summary judgment de novo.    *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105.    This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.    *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12.

{¶7}    Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

{¶8} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449.

{¶9} It is axiomatic that the non-moving party's reciprocal burden does not arise until after the moving party has met its initial evidentiary burden. To do so, the moving party must set forth evidence of the limited types enumerated in Civ.R. 56(C), specifically, "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C) further provides that "[n]o evidence or stipulation may be considered except as stated in this rule."

{¶10} In its motion for summary judgment, Firestone argued that it was immune from liability for an intentional tort because Mr. Widican had retired prior to the time when the Ohio Supreme Court first recognized the existence of such a claim in 1982, in *Blankenship v. Cincinnati Milacron Chems., Inc.* (1982), 69 Ohio St.2d 608, and expanded the scope of such a

claim to include injuries "substantially certain to occur" in 1984, in *Jones v. VIP Dev. Co.* (1984), 15 Ohio St.3d 90, paragraph one of the syllabus. Firestone argued that the trial court must conclude, pursuant to the considerations set forth in *DiCenzo v. A-Best Prods. Co., Inc.*, 120 Ohio St.3d 149, 2008-Ohio-5327, paragraph two of the syllabus, that the Supreme Court's holdings in *Blankenship* and *Jones* apply only prospectively. The company argued, therefore, that the Widicans' claims were compensable solely under Ohio's workers' compensation law, rendering the company immune from liability.

{¶11} The *DiCenzo* court reiterated the general rule that "[a]n Ohio court decision applies retrospectively unless a party has contract rights or vested rights under the prior decision." Id. at paragraph one of the syllabus (*Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, followed.) It carved out the following exception, however, to be made in the discretion of the court "to apply its decision only prospectively after weighing the following considerations: (1) whether the decision establishes a new principle of law that was not foreshadowed in prior decisions, (2) whether retroactive application of the decision promotes or retards the purpose behind the rule defined in the decision, and (3) whether retroactive application of the decision causes an inequitable result." Id. at paragraph two of the syllabus.

{¶12} A determination of the first two prongs clearly involves a question of law. Whether it would be inequitable to apply the decision retroactively, however, necessarily implicates case-specific factual considerations. In this case, Firestone failed to support its motion for summary judgment with any evidence of the types enumerated in Civ.R. 56(C). After the trial court ruled on the motion for summary judgment and fully disposed of all pending claims, Firestone filed a notice of filing of the affidavit of John Marcum. Because the affidavit was not filed contemporaneously with the motion, it was not properly before the trial court for

consideration. Even were the affidavit properly filed for consideration, however, it contains no evidence regarding the issue of inequity should the court apply the *Blankenship* and *Jones* decisions retroactively. Firestone failed to submit any evidence regarding the time commitment, financial burden, or other hardship it would incur if it were subjected to an intentional tort claim arising out of an employment situation commencing sixty years ago and terminating thirty years ago. In the absence of any such evidence, Firestone failed to meet its initial burden under *Dresher* to demonstrate that no genuine issues of material fact existed and that the company was entitled to judgment as a matter of law. Accordingly, the trial court erred by granting summary judgment in favor of Firestone on the Widicans' claims. The sole assignment of error is sustained.

### III.

{¶13} The sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

KIRK CLAUNCH, Attorney at Law, for Appellants.

GARY T. MANTKOWSKI, Attorney at Law, for Appellants.

DAVID J. HANNA, FRANK G. MAZGAJ, and ROBERT L. TUCKER, Attorneys at Law, for Appellee.